Dear Mr. Wallis:
You have asked this office to advise you whether an elected member of the Terrebonne Parish Council may also serve as Commissioner on the Houma-Terrebonne Housing Authority Board.
Resolution of your inquiry requires review of the Dual Officeholding Laws, R.S. 42:61, et seq. Pursuant to R.S. 42:62, a parish councilman holds local elective office,[1] while a member of the parish housing authority board holds part-time appointive office, as the position is created by statute and appointed by the parish president.[2]
Of further import are the provisions of R.S. 42:63(D) providing:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a *Page 2 political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
The dual officeholding statute quoted above prohibits one from holding an elective office in a political subdivision of this state while holding a full-time appointive office in the government of a political subdivision. An appointment as commissioner of the housing authority for the parish is not a full-time appointive office, and therefore the prohibition is inapplicable. For your further reference, note that a full-time position would require a person to work at least seven hours per day of work and at least thirty-five hours per week; a part-time position is less than the number of hours of work defined as full-time. LSA-R.S. 42:62(4) (5).
Our conclusion herein is based on the assumption that the individual in question does not, in his capacity as parish councilman, also hold the position of parish president. This circumstance would invoke the incompatibility provisions of R.S.42:64A(1), providing in pertinent part:
 § 64. Incompatible offices
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other . . .
Further, you state there is no transfer of funds between the parish council and the parish housing authority. Thus, other provisions of the incompatibility statute [see R.S. 42:64 (5) 
(6)][3] are inapplicable. *Page 3 
Thus, the law does not prohibit one from holding the part-time appointive office of housing authority board commissioner and the elective office of parish councilman.
Despite our conclusion that no technical violation of the dual officeholding law exists, we suggest you consult the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, Louisiana, 70808, phone 225-763-8777, for resolution of any issues under the Code of Governmental Ethics.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: ____________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
[1] R.S. 42:62(1) states:
(1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office and which is filled by vote of the citizens of this state or of a political subdivision thereof.
[2] R.S.42:62(2) and R.S. 40:531(D) provide respectively:
(2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed pubic official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
* * * * *
D. Notwithstanding any other provision of law to the contrary, the Houma-Terrebonne Housing Authority shall be governed by a five-member board of commissioners appointed by the parish president. He shall appoint at least one tenant from housing developments operated by the authority. The tenant commissioner shall serve in accordance with R.S. 40:536 and any other applicable provision of law.
[3] R.S. 42:64 also prevents one from holding two positions where:
(5) One office, whether or not in conjunction with fellow officers, or employment is charged with auditing the accounts of or approving the budget of the other position.
(6) Funds received by one office or employment are deposited with or turned over to the other office or position.